RECEIPT #_____
AMOUNT $ 157.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _CME_
DATE 11-3-04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 NOV -3  P 2: 49

DISTRICT OF MASS.

| | |
|---|---|
| THE L.S. STARRETT COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD OSTACHOWSKI, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO.:<br><br>04 CV 12342<br><br><br><br><br>Jury Trial Demanded<br><br>MAGISTRATE JUDGE_____ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff THE L.S. STARRETT COMPANY (hereinafter referred to as "Starrett"), for its Complaint against Defendant EDWARD OSTACHOWSKI (hereinafter referred to as "Ostachowski"), alleges as follows:

1. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. Plaintiff Starrett is a corporation organized and existing under the laws of the State of Massachusetts, having a principal place of business at 121 Crescent Street, Athol, Massachusetts 01331, and is doing business in this State and District.

3. Upon information and belief, Defendant Ostachowski is an individual residing in the Province of Ontario, Canada.

4. This Court has jurisdiction over the subject matter of this action on the following grounds:

   (a) 28 U.S.C. §§ 1331, this being a civil action arising under the laws of the United States;

(b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

(c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights.

5. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff Starrett and Defendant Ostachowski.

6. This Court has personal jurisdiction over Defendant Ostachowski consistent with the principles underlying the U.S. Constitution and Mass. Gen. Laws ch. 223A, § 3 because, among other things, any injury caused to Plaintiff Starrett occurred in the State of Massachusetts as a result of Ostachowski's actions within the State of Massachusetts and this District, and because Ostachowski has threatened Starrett in this State and District with possible litigation, thus creating in Plaintiff Starrett a reasonable apprehension of suit by Ostachowski.

7. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391 and/or § 1400 because, among other things, this is an action arising out of allegations for patent infringement; a substantial part of the events giving rise to Plaintiff's claims occurred in this District; Defendant is an alien, and thus may be sued in any district; and on information and belief, Defendant is subject to personal jurisdiction in this District.

8. In or around late 1995 or early 1996, Defendant Ostachowski contacted Plaintiff Starrett in this State and District seeking a business relationship in connection with Ostachowski's U.S. Patent No. 5,189,804, issued on March 2, 1993 and entitled

"Angle Indicating Instrument" ("the '804 patent"), Ostachowski's then-pending Canadian Patent No. 2,101,856, issued on April 9, 2002 and entitled "Angle Indicating Instrument" ("the Canadian '856 patent"), and a prototype cutting angle indicator tool purportedly made in accordance with the teachings of the two patents. A copy of the '804 patent and the Canadian '856 patent are attached hereto as Exhibits 1 and 2, respectively.

9. On or about February 15, 1996, Plaintiff Starrett declined the opportunity to pursue a business relationship in connection with Ostachowski's patents and the subject tool.

10. On or about September 23, 2004, Defendant Ostachowski filed a complaint against Plaintiff Starrett and its Canadian division, The L.S. Starrett Company of Canada Limited, in federal court in Canada, styled *Edward Ostachowski v. The L.S. Starrett Company and The L.S. Starrett Co. of Canada Limited*, Court File No. T-1727-04 ("the Canadian action").

11. In the Canadian action, Ostachowski has alleged infringement of the Canadian '856 patent, which claims priority from the '804 patent at issue in this action, by a product manufactured and sold by Starrett called the ProSite™ Series protractor, Model No. 505A-12 ("the ProSite™ protractor"). Moreover, since instituting the Canadian action, Defendant Ostachowski, acting through his counsel, has threatened additional litigation in the United States of Ostachowski's alleged patent rights, further creating in Plaintiff Starrett a reasonable apprehension of suit by Ostachowski.

12. Defendant Ostachowski claims to be the inventor and owner of whatever rights, if any, may exist in the '804 patent.

13. On information and belief, the accused ProSite™ protractor product does not infringe any valid and enforceable patent rights of Ostachowski in the United States.

14. There is an actual, substantial, and justiciable controversy between Plaintiff Starrett and Defendant Ostachowski of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendant Ostachowski has made clear threats sufficient to create in Plaintiff a reasonable apprehension of suit by Ostachowski concerning his alleged patent rights. Plaintiff is thus entitled to a judgment declaring its rights as requested herein.

## COUNT I

## DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT

15. Plaintiff incorporates by reference paragraphs 1 through 14 above as if set forth fully herein.

16. There is an actual, substantial, and justiciable controversy between Plaintiff Starrett and Defendant Ostachowski concerning Ostachowski's allegations that Plaintiff has infringed and/or is infringing the '804 patent.

17. These allegations place a cloud over Plaintiff's business activities and will cause uncertainty among customers, prospective customers, suppliers, distributors, and others in the marketplace, likely leading Plaintiff and/or its related companies to lose sales and/or business opportunities.

18. On information and belief, the accused ProSite™ protractor does not infringe the '804 patent, as alleged by Ostachowski.

19. Plaintiff is entitled to a judgment declaring that any and all making, using, selling, offering for sale, or importing into the United States of the accused product by or

for Plaintiff is and has been lawful, and otherwise declaring that Plaintiff has not infringed, either directly or indirectly, whatever rights, if any, that Defendant Ostachowski may hold in the '804 patent.

20. As a direct and proximate result of Ostachowski's allegations of patent infringement against products made, used, sold, offered for sale, and/or imported into the United States by or for Plaintiff, Plaintiff is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

## COUNT II

### DECLARATORY JUDGMENT REGARDING PATENT INVALIDITY

21. Plaintiff incorporates by reference paragraphs 1 through 20 above as if set forth fully herein.

22. There is an actual, substantial, and justiciable controversy between Plaintiff Starrett and Defendant Ostachowski concerning Ostachowski's allegations that Plaintiff has infringed and/or is infringing the '804 patent.

23. These allegations place a cloud over Plaintiff's business activities and will cause uncertainty among customers, prospective customers, suppliers, distributors, and others in the marketplace, likely leading Plaintiff and/or its related companies to lose sales and/or business opportunities.

24. On information and belief, Defendant Ostachowski's broad assertion, construction, and/or interpretation of the '804 patent renders one or more of its claims invalid in view of the prior art and/or for failure to comply with the provisions of one or more sections of the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Plaintiff

states on information and belief that the allegations contained in this paragraph have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

25. On information and belief, Plaintiff is entitled to a judgment declaring that one or more of the claims of the '804 patent are invalid for failure to comply with the provisions of one or more sections of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

26. As a direct and proximate result of Ostachowski's allegations of patent infringement against Plaintiff, Plaintiff is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

WHEREFORE, Plaintiff The L.S. Starrett Company prays that this Court enter judgment:

(a) Declaring that Plaintiff, its related companies, and specifically the accused product made, used, imported, sold and/or offered for sale by Plaintiff, have not infringed, either directly or indirectly, any purported patent rights of Ostachowski in the '804 patent, or otherwise violated any provision of the patent laws of the United States;

(b) Declaring that the '804 patent is invalid pursuant to the patent laws of the United States;

(c) Permanently enjoining Ostachowski, his successors, assigns, and any other related parties, from asserting the '804 patent against Plaintiff with respect to

the accused product made, used, imported, sold and/or offered for sale by Plaintiff or its related companies;

(d) Finding in favor of Plaintiff and declaring this case to be exceptional pursuant to 35 U.S.C. § 285;

(e) Awarding Plaintiff its attorneys' fees and other costs and expenses;

(f) Awarding interest to Plaintiff to the extent permitted by law;

(g) Awarding to Plaintiff such further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 3rd day of November, 2004.

Steven M. Bauer, Esq. (BBO No. 542531)
David J. Cerveny, Esq. (BBO No. 638307)
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, Massachusetts 02110-2600
(617) 526-9600 (telephone)
(617) 526-9899 (facsimile)

ATTORNEYS FOR THE L.S. STARRETT COMPANY

OF COUNSEL:

Michael S. Connor, Esq.
Kirk T. Bradley, Esq.
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 (telephone)
(704) 444-1111 (facsimile)